IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2007 OCT -4  PM 1:54

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> TRAVIS E. CORRELL, individually and doing § <br> business as Horizon Establishment; et al. § <br> § <br> Defendants, § <br> and § <br> § <br> BANNER SHIELD, LLC; et al. § <br> § <br> Defendants Solely for § <br> Purposes of Equitable Relief. § | Lead Case <br> Case No.: 4:05-CV-472 RAS <br><br> **AMENDED ORDER APPOINTING RECEIVER** <br><br> 07-MC-0067 |
| SECURITIES AND EXCHANGE COMMISSION, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> GLOBAL FINANCE & INVESTMENTS, INC.; et al. § <br> § <br> Defendants, § <br> and § <br> § <br> USASSET & FUNDING CORP; et al. § <br> § <br> Defendants Solely for § <br> Purposes of Equitable Relief. § | Consolidated Case <br> Case No.: 4:07cv346 RAS |

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
By: /s/

## AMENDED ORDER APPOINTING RECEIVER

This matter [de#248] came on before the court, without a response in opposition, on the joint motion of Plaintiff Securities and Exchange Commission and court-appointed Receiver S. Gregory Hays for amending the *Order Appointing Receiver* entered on December 7, 2005 by appointing a receiver for consolidated Defendants Global Finance & Investments, Inc.; Charles R. Davis; Lucre Fund, LLC; JTA Enterprises, Inc.; William H. Clark; and Sterling Meridian, LLC; and consolidated Relief Defendant Wells Ventures, LLC. It appears that this *Amended Order Appointing Receiver ("Amended Order")* is both necessary and appropriate in order to prevent waste and dissipation of the assets of consolidated Defendants and consolidated Relief Defendant to the detriment of investors.

I.

**IT IS THEREFORE ORDERED:**

1.   This Court hereby takes exclusive jurisdiction and possession of the assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of lead Defendants Travis E. Correll, individually and d/b/a Horizon Establishment, Gregory W. Thompson, Harry Robinson "Robbie" Gowdey, Dwight J. Johnson, Neulan D. Midkiff, Travis Correll & Co., Inc., The Net Worth Group, Inc., TNT Office Supply, Inc., Joshua Tree Group LLC, and consolidated Defendants Global Finance & Investments, Inc.; Charles R. Davis; Lucre Fund, LLC; JTA Enterprises, Inc.; William H. Clark; and Sterling Meridian, LLC (collectively "Defendants") and of the assets monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated of lead Relief Defendants Banner Shield LLC; Hospitality Management Group, Inc.; Creative Wealth Ventures, LLC; and consolidated Relief Defendant Wells Ventures, LLC.

Amended Order Appointing Receiver                                                                                           PAGE 2
*SEC v. Travis E. Correll, et al. (Lead case)*
*SEC v. Global Finance & Investments, Inc., et al. (Consolidated case)*

(collectively "Relief Defendants"), that they obtained, directly or indirectly from Defendants, or that are attributable to funds provided to Relief Defendants by Defendants or by an investor or client of the Defendants.

2. Until further order of this Court, all assets of, or under the control of the Defendants along with any assets of the Relief Defendants that they obtained, directly or indirectly from Defendants, or that are attributable to funds provided to Relief Defendants by Defendants or by an investor or client of the Defendants, are frozen, except as otherwise specified herein. The Defendants and the Relief Defendants; their respective officers, managers, trustees, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, are hereby restrained and enjoined from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any assets and property owned by, controlled by, or in the possession of Defendants or any Relief Defendant. This freeze shall include, but not be limited to, those funds located in any bank accounts, brokerage accounts, or any other accounts or property of the Defendants or any Relief Defendant described herein.

3. S. Gregory Hays located at Atlanta Financial Center; 3343 Peachtree Road, Suite 200; Atlanta, GA 30326, with the phone number of 404-926-0051, facsimile number, (404) 926-0055, is appointed Receiver for each of the Defendants, as well as the assets of each Relief Defendant described in Paragraph 1, above, that were obtained, directly or indirectly from the Defendants, or that are attributable to funds provided to Relief Defendants or by an investor or client of the Defendants ("the Receiver Estate"). The Receiver has filed with the Clerk of this Court a bond in the sum of $10,000 to assure his conscientious performance of the duties and responsibilities imposed by this *Amended Order*.

Amended Order Appointing Receiver                                                                           PAGE 3
*SEC v. Travis E. Correll, et al. (Lead case)*
*SEC v. Global Finance & Investments, Inc., et al. (Consolidated case)*

4.     All persons, including but not limited to Defendants and Relief Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this *Amended Order* by personal service or otherwise, are enjoined from in any way interfering with the operation of the Receivership or in any way disturbing the Receivership Assets and from filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Assets, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this Court. Any actions so authorized to determine disputes relating to Receivership Assets shall be filed in this Court. No person holding or claiming any position of any sort with the Receiver Estate shall possess any authority to act by or on behalf of any of the Receiver Estate, except as authorized by the Receiver.

5.     The Receiver shall have and possess all powers and rights to administer and manage the Receiver Estate, including, but not limited to the power and authority to:

(a)     to take custody, control and possession of all records, assets, funds, property premises and other materials of any kind in the possession of or under the direct or indirect control of the Receiver Estate and, until further order of this Court;

(b)     to manage, control, operate and maintain the Receiver Estate, to use income, earnings, rents and profits of the Receiver Estate, with full power to sue for, collect, recover, receive and take into possession all goods, chattels, rights, credits, monies, effects, lands, books and records of accounts and other documents, data and materials;

(c)     to conduct the business operations of Defendants or Relief Defendants, named in the first paragraph of this *Amended Order*, above, and the entities they control,

Amended Order Appointing Receiver                                                                                   PAGE 4
*SEC v. Travis E. Correll, et al. (Lead case)*
*SEC v. Global Finance & Investments, Inc., et al. (Consolidated case)*

including the collection of rents or continuation and termination or any employment arrangement and all other aspects of any active business operation;

(d) to make such ordinary and necessary payments, distributions, and disbursements as he deems advisable or proper for the marshaling, maintenance or preservation of the Receivership Assets;

(e) to sell, rent, lease or otherwise hypothecate or dispose of the assets of the Receiver Estate;

(f) to contact and negotiate with any creditors of the named Defendants for the purpose of compromising or settling any claim, including the surrender of assets to secured creditors;

(g) to receive and collect any and all sums of money due or owing to Defendants or Relief Defendants whether the same are now due or shall hereafter become due and payable, and is authorized to incur such expenses and make such disbursements as are necessary and proper for the collection, preservation, maintenance, administration and operation of the Receiver Estate;

(h) to renew, cancel, terminate, or otherwise adjust any pending lease agreements to which any named Defendant or Relief Defendant is a party;

(i) to institute, defend, compromise or adjust such actions or proceedings in state or federal courts now pending and hereafter instituted, as may in his discretion be advisable or proper for the protection of the Receivership Estate or proceeds there from, and to institute, prosecute, compromise or adjust such actions or proceedings in state or federal court as may in his judgment be necessary or proper for the administration, preservation and maintenance of the Receivership Estate;

Amended Order Appointing Receiver                                                                                                   PAGE 5
*SEC v. Travis E. Correll, et al. (Lead case)*
*SEC v. Global Finance & Investments, Inc., et al. (Consolidated case)*

(j) to institute such actions or proceedings to impose a constructive trust, obtain possession and/or recover judgment with respect to persons or entities who received assets or funds traceable to investor monies, with all such actions filed in this Court;

(k) to open bank accounts or other depository accounts, in the name of the Receiver on behalf of the Receiver Estate;

(l) to prepare any and all tax returns and related documents regarding the assets and operation of the Receiver Estate;

(m) to take any action which could be taken by the officers, directors, managers, members, partners, trustees or other principals of the Receiver Estate;

(n) to take such other action as may be approved by this Court.

6. The Receiver shall perform an accounting of the offering and sale of securities that is outlined in the Commission's *Complaint* including, but not limited to, the named Defendants' and the Relief Defendants' solicitation, receipt, disposition and use of the proceeds from such offering.

7. The Receiver shall be empowered, but is not required, to file a voluntary petition for relief under Title 11 of the United States Code (the Bankruptcy Code) for the Receiver Estate or any portion thereof. If a bankruptcy petition is filed, the Receiver shall become, and shall be empowered to operate the Receiver Estate as a debtor in possession, with all powers and duties provided to a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Without leave or further order of this Court, no person other than the Receiver is authorized to seek relief for any person or entity included within the Receiver Estate.

Amended Order Appointing Receiver                                          PAGE 6
*SEC v. Travis E. Correll, et al. (Lead case)*
*SEC v. Global Finance & Investments, Inc., et al. (Consolidated case)*

8.  With respect to the asset freeze set forth herein, the Receiver shall be authorized, but not required, to administer, manage, and direct the marshaling, disbursement an/or transfer of monies or other assets held by third parties that are subject to the freeze. The Receiver may, in the reasonable exercise of his discretion, authorize the release, use or segregation of proceeds held by third parties.

9.  Defendants and each Relief Defendant, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this *Amended Order,* shall cooperate with the Receiver and the other professionals working with him in the administration of the Receiver Estate, including, but not limited to, the immediate delivery to the Receiver of the following:

(a)  all assets and other materials of the Receiver Estate in the possession or under their control, as well as the name and contact information of any person who has knowledge of the nature or location of assets or other materials belonging to the Receiver Estate;

(b)  business records of any kind, whether in hard copy or electronic format, including e-mail files and accounts, customer files, accounting and financial records, bank records and brokerage or other depository records;

(c)  insurance policies regarding any assets or persons that are in any way affiliated with the Receiver Estate, along as other information regarding insurance coverage or the absence thereof;

(d)  computers and computer files, including e-mail files, along with all passwords for such files, that belong to or or are under the control of any named

Amended Order Appointing Receiver                                                                                   PAGE 7
*SEC v. Travis E. Correll, et al. (Lead case)*
*SEC v. Global Finance & Investments, Inc., et al. (Consolidated case)*

Defendant or Relief Defendant or that in any way relate to the assets or the operation of the Receiver Estate;

(e) passwords and other identifying information regarding all computer or on-line files, banking or brokerage accounts and/or any other assets of any of the Defendants or Relief Defendants or under their direct or indirect control, specifically including but not limited to, passwords for internet or electronic access banking, brokerage and other on-line accounts;

(f) keys, security cards, parking cards and other access codes for premises, vehicles, safety deposit boxes or accounts or assets under the direct or indirect control of any of the Defendants or Relief Defendants; and,

(g) such other information related to the Receiver Estate as the Receiver and those working with him reasonably request.

10. Any bank, brokerage firm, mutual fund or other financial institution or any other person, partnership, corporation or other entity maintaining of having custody or control of: any brokerage or depository accounts or other assets of the Receiver Estate; or, accounts into which proceeds of the subject investment offering(s) have been deposited; or, accounts or assets under the direct or indirect control of the Defendants or Relief Defendants, who receives actual notice of this *Amended Order*, shall:

(a) freeze such accounts, funds or assets;

(b) within five (5) business days of receipt of such notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other assets, the balance in the account or the description of the assets as of the close of business on the date of the receipt of the notice;

Amended Order Appointing Receiver                                                                                       PAGE 8
*SEC v. Travis E. Correll, et al. (Lead case)*
*SEC v. Global Finance & Investments, Inc., et al. (Consolidated case)*

(b)   promptly cooperate with the Receiver to determine whether and to what extent any accounts, funds or other assets are actually assets or proceeds of assets of the Receiver Estate;

(c)   provide to the Receiver records of such funds, accounts and assets and tender said funds and/or the assets to the Receiver.

To the extent that there are assets about which a determination of ownership cannot be made, they shall be turned over to the Receiver to be held in escrow pending a determination of the ownership of such assets.

11.   The Receiver is authorized to provide notice of the entry of this *Amended Order* to any governmental agency, person or other entity he deems appropriate. Actual notice may be accomplished by delivery of a copy of this *Amended Order* by hand, U.S. mail, courier service, facsimile, by e-mail or by any other reasonable means of delivery.

12.   The Receiver is hereby authorized to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to Defendants or Relief Defendants named in the first paragraph of this *Amended Order*, above, or any company or entity under the direction or control of Defendants or Relief Defendants, to any Post Office box or other mail depository, to himself. Further, the Receiver is hereby authorized to open and inspect all such mail, to determine the location or identity of assets or the existence and amount of claims.

13.   The Receiver may investigate any matters he deems appropriate in connection with discovering additional information as it relates to the activities of the Receiver Estate. In connection with any such investigation, the Receiver is authorized to:

Amended Order Appointing Receiver                                                                    PAGE 9
*SEC v. Travis E. Correll, et al. (Lead case)*
*SEC v. Global Finance & Investments, Inc., et al. (Consolidated case)*

(a)     compel, including by subpoena, the appearance and testimony of all persons, including the Defendants and Relief Defendants (prior to and/or after the filing of responsive pleadings in this action) and the production of the originals of any records and materials, of any sort whatsoever, within the possession, custody or control of any person, though the Receiver's authority under this paragraph shall not be construed to require the waiver by any person of any validly asserted privilege; and,

(b)     order consumer and credit reports that the he deems necessary and appropriate as a part of his investigation.

14.     Absent express permission and leave by this Court, all creditors and other persons seeking money damages or other relief from the Receiver Estate and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are, until further order of this Court, hereby stayed. Further, all persons having notice of this *Amended Order*, including creditors and others seeking money damages or other relief from the Receiver Estate, and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are restrained from doing anything to interfere with the Receiver performance of his duties and the administration of the Receiver Estate.

15.     The Receiver is authorized to communicate with all such persons as he deems appropriate to inform them of the status of this matter and the financial condition of the Receiver Estate.

Amended Order Appointing Receiver                                                      PAGE 10
*SEC v. Travis E. Correll, et al. (Lead case)*
*SEC v. Global Finance & Investments, Inc., et al. (Consolidated case)*

16. The Receiver is hereby authorized to employ such employees, accountants, consultants, attorneys and other professionals, including employees of his own professional firm, as are necessary and proper for the administration of the Receiver Estate and the performance of his duties as set forth herein. The Receiver shall seek and obtain the approval of this Court prior to disbursement of professional fees and expenses to himself, his firm or his counsel, by presentation of a written application therefore, and after consultation with the Commission. All costs incurred by the Receiver shall be paid from the Receivership Assets. Upon notice to all parties in this case, the Receiver may submit a proposed order regarding an administrative process for the approval and payment of professional fees and expenses consistent with this provision.

17. Upon the request of the Receiver, the United States Marshal's Office, in any judicial district, or any other law enforcement agency is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody or control of, or identify the location of, any Receivership Assets or Receivership Records. The Receiver is authorized to remove any person from any premises or real estate that is owned or controlled by any of the Defendants or that is otherwise part of the Receiver Estate. The Receiver is further authorized to enter any premises, safety deposit boxes, vehicles or other property of Defendants or Relief Defendants, and to change any locks or other security mechanisms, and to recover and assets and records located thereon or therein, and, in cases of doubt, to secure assets and, in the case of any contest, to seek a judicial determination by this Court with respect to ownership.

18. The Receiver shall keep the Commission and the Court apprised at reasonable intervals of developments concerning the operation of the receivership, and shall provide to the Commission upon request any documents under the control of the Receiver. The Receiver shall

Amended Order Appointing Receiver                                                                PAGE 11
*SEC v. Travis E. Correll, et al. (Lead case)*
*SEC v. Global Finance & Investments, Inc., et al. (Consolidated case)*

promptly notify the Court and counsel for the Commission of any failure or apparent failure of named Defendant or Relief Defendant to comply in any way with the terms of this *Amended Order*.

19. Except for an act of gross negligence or intentional misconduct, the Receiver and all persons engaged or employed by him shall not be liable for any loss or damage incurred by any person or entity by reason of any act performed or omitted to be performed by the Receiver or those engaged or employed by him in connection with the discharge of their duties and responsibilities in connection with the receivership.

## II.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for all purposes. The Receiver is hereby authorized, empowered and directed to apply to this Court, with notice to the Commission and Defendants and Relief Defendants, named in the first paragraph of this *Amended Order*, above, for issuance of such other orders as may be necessary and appropriate in order to carry out the mandate of this Court.

## III.

**IT IS FURTHER ORDERED** that this *Amended Order* will remain in effect until modified by further order of this Court.

**SIGNED this the 21st day of September, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

Amended Order Appointing Receiver                                           PAGE 12
*SEC v. Travis E. Correll, et al. (Lead case)*
*SEC v. Global Finance & Investments, Inc., et al. (Consolidated case)*